```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PETER SHUE,

                        Petitioner,

         -against-                          MEMORANDUM & ORDER
                                            14-CV-2010(JS)(SIL)
UNITED STATES OF AMERICA,

                        Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:     Peter Shue, pro se
                    # 45390-053
                    Fort Dix Federal
                    Correctional Institution
                    Inmate Mail/Parcels
                    P.O. Box 2000
                    Fort Dix, NJ 08640

For Respondent:     Charles N. Rose, Esq.
                    United States Attorney's Office
                    610 Federal Plaza
                    Central Islip, NY 11722
```

SEYBERT, District Judge:

In 1996, after a jury trial before this Court, pro se petitioner Peter Shue ("Shue") was convicted of two drug charges and a related firearm possession charge. He was sentenced principally to 296 months' imprisonment. Shue now petitions the Court for a writ of audita querela vacating his conviction or, in the alternative, reducing his sentence, based upon the Supreme Court's recent holding in Alleyne v. United States, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). For the following reasons, Shue's Petition is DENIED.

BACKGROUND

On April 23, 1996, Shue was convicted of (1) one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; (2) one count of attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii)(II); and (3) one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On September 1996, Shue was sentenced principally to 296 months' imprisonment.

On June 24, 1997, the Second Circuit affirmed Shue's conviction, see United States v. Redd, 116 F.3d 1472, 1997 WL 346147 (Table) (2d Cir. 1997), and on November 12, 2009, affirmed this Court's order denying Shue's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, see United States v. Shue, 201 F.3d 433, 1999 WL 1069977 (Table) (2d Cir. 1999).

On January 5, 2001, Shue filed a motion to vacate his conviction pursuant to 18 U.S.C. § 2255, (see Shue v. United States, No. 01-CV-0082 (E.D.N.Y.)), which this Court denied on April 18, 2003 (Docket Entry 38).[1] On May 6, 2003, Shue filed a motion for reconsideration of this Court's order dismissing his Section 2255 motion (Docket Entry 39), which this Court denied

---

[1] The following docket entries are drawn from the docket for Shue's Section 2255 motion.

on June 9, 2003 (Docket Entry 41). On September 12, 2003, Shue filed a motion to file an amended petition (Docket Entry 43), which the Court denied on September 24, 2003 (Docket Entry 45). On November 20, 2003, Shue filed a letter motion again seeking reconsideration of the Court's order denying his Section 2255 motion, which the Court again denied on December 10, 2003. (Docket Entry 46.)

In January 2004, Shue appealed this Court's order denying his Section 2255 motion. (Docket Entry 47, 52.) By mandate dated December 10, 2004, the Second Circuit dismissed Shue's appeal on the ground that his Section 2255 motion was time-barred. (Docket Entry 61.)

On July 27, 2006, Shue filed a motion to vacate his conviction pursuant to Federal Rule of Civil Procedure 60(b). (Docket Entry 62.) On August 25, 2006, this Court denied Shue's motion and, because the motion did not attack the integrity of the resolution of Shue's prior Section 2255 motion, the Court held that Shue had to first obtain leave from the Second Circuit before proceeding for further habeas relief. (Docket Entry 63.) The Second Circuit subsequently denied two motions for leave to file successive Section 2255 motions. See United States v. Redd, 735 F.3d 88, 90 (2d Cir. 2013).

3

On May 21, 2010, Shue commenced a civil action pursuant to 42 U.S.C. § 1983 against various government employees seeking "one hundred billion dollars in damages to compensate him for . . . alleged emotional damage" related to his prior conviction. Shue v. United States, No. 10-CV-2501, 2010 WL 3613858, at *1 (E.D.N.Y. Sept. 3, 2010) (internal quotation marks and citation omitted). On September 3, 2010, this Court dismissed Shue's claims, see id., and the Second Circuit later affirmed, see Shue v. United States, 466 F. App'x 51, 2012 WL 1085865 (Table) (2d Cir. 2012).

Shue then filed a motion before the Second Circuit to recall its prior mandates and for reinstatement of his direct appeal. Shue argued that his sentence was unconstitutional based on the Supreme Court's holding in Alleyne that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. Shue contended that, at his sentencing in 1996, this Court violated Alleyne's subsequent holding "by finding the type and quantity of drugs involved by only a preponderance of the evidence." Redd, 735 F.3d at 90. The Second Circuit construed Shue's motion as a successive Section 2255 motion and denied the motion, explaining that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Redd,

735 F.3d at 91 (internal quotation marks and citation omitted). Because the Supreme Court announced the new rule in Alleyne on a direct appeal "without expressly holding it to be retroactive to cases on collateral review," Redd, 735 F.3d at 91, the Second Circuit denied Shue's Section 2255 motion, id. at 91-92.

On March 24, 2014, Shue filed the instant Petition seeking a writ of coram nobis pursuant to 28 U.S.C. § 1651(a). On April 30, 2014, Shue filed a motion requesting that this Court consider the Petition as one seeking a writ of audita querela and not a writ of coram nobis. (Docket Entry 7.) On August 6, 2014, Shue filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582, as well as for the appointment of a "public defender" on August 6, 2014. (Docket Entry 14.) On August 20, 2014 and October 1, 2014, Shue then filed two motions for this Court to render a decision on his Petition. (Docket Entries 17, 22.)

Most recently, on November 4, 2014, Tracey E. Gaffey, an attorney from the Federal Defenders of New York, Inc., filed a motion on Shue's behalf in his criminal case requesting that the Court assign Federal Defenders to represent him for the purpose of determining whether he is eligible for re-sentencing based on a recent amendment to the Federal Sentencing Guidelines. (See Docket Entry 204 in United States v. Shue, 95-CR-0301 (E.D.N.Y.).) By Electronic Order dated November 6, 2014, the Court granted Ms. Gaffey's motion and appointed her as Shue's counsel. On February

5

23, 2015, Ms. Gaffey filed a motion to reduce Shue's sentence based on Amendment 782 to the Sentencing Guidelines. (Docket Entry 205 in United States v. Shue, 95-CR-0301 (E.D.N.Y.).) The Government has not yet responded to that motion. This Memorandum and Order pertains only to Shue's Petition seeking a writ of audita querela and his motion to reduce his sentence based on the Supreme Court's decision in Alleyne. The Court will address the motion to reduce that Ms. Gaffey filed in Shue's criminal case at a later date after the Government has had an opportunity to respond and the motion is fully briefed.

## DISCUSSION

As noted, Petitioner originally filed his Petition as one seeking a writ of coram nobis. However, coram nobis "is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998). Petitioner is still serving his sentence. Accordingly, the Court construes the Petition as one seeking a writ of audita querela.

A writ of audita querela "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy."

United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (internal quotation marks and citation omitted). A court should deny a petition for a writ of audita querela if "[n]othing has occurred subsequent to the conviction that remotely creates a legal objection to the conviction." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995).

Here, Shue again seeks a review of his federal conviction based on the new rule set forth in Alleyne. However, as the Second Circuit previously held in denying Shue's motion to recall the Second Circuit's prior mandates, "Alleyne did not announce a new rule of law made retroactive on collateral review." Redd, 735 F.3d at 92. Accordingly, since Alleyne does not apply retroactively to cases on collateral review, there is "no colorable claim of a constitutional violation, and, hence, the absence of other avenues of collateral attack does not give rise to serious constitutional questions." Richter, 510 F.3d at 104. Thus, "a writ of audita querela does not lie." Id.; accord Mora v. United States, 358 F. App'x 223, 224 (2d Cir. 2009) (affirming district court's order denying a petition for a writ of audita querela where the change in the law did not apply retroactively to cases on collateral review). Accordingly, Shue's Petition for a writ of audita querela and his motion to reduce his sentence are DENIED. Shue's other motions are consequently DENIED AS MOOT.

CONCLUSION

For the foregoing reasons, Shue's Petition for a writ of audita querela (Docket Entry 1) and his motion to reduce his sentence (Docket Entry 14) are DENIED.  Shue's motions for the appointment of a public defender (Docket Entry 14) and for this Court to render a decision on his Petition (Docket Entries 17, 22) are consequently DENIED AS MOOT.

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to pro se Petitioner and mark this case CLOSED.  The Clerk of the Court is also directed to docket a copy of this Memorandum and Order in Shue's criminal case, United States v. Shue, No. 95-CR-0301 (E.D.N.Y.).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February  24 , 2015
       Central Islip, NY